UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JULIO CESAR LOPEZ URBINA,

Petitioner,

v. Case No.: 2:26-cv-02506-SPC-NPM

WARDEN, GLADES COUNTY DETENTION CENTER *et al.*,

Respondents,

/

**OPINION AND ORDER**

Before the Court are Julio Cesar Lopez Urbina's Petition for Writ of Habeas Corpus (Doc. 1), the government's response (Doc. 3), and Lopez Urbina's reply (Doc. 4).

Lopez Urbina is a native and citizen of Nicaragua who entered the United States on May 13, 2019. U.S. Border Patrol briefly detained him, issued a notice to appear, and released him under an order of release on recognizance. Lopez Urbina has complied with all terms of the order, applied for asylum, obtained employment authorization and a driver's license, and paid income taxes to the federal government. He has no criminal history. On August 5, 2026, Immigration and Customs Enforcement (ICE) officers arrested Lopez Urbina outside his home.

Lopez Urbina constructively filed his habeas petition on August 31, 2026. He claims his detention violates the Fifth Amendment because it serves no legitimate governmental interest. For that reason, Lopez Urbina seeks immediate release from ICE custody. Alternatively, he argues he is entitled to an individualized bond hearing under 8 U.S.C. § 1226(a). In response, the government certifies it is detaining Lopez Urbina under 8 U.S.C. § 1226(a), acknowledges he is entitled to a bond hearing, and demonstrates that he received one on September 16, 2026. The judge denied release on bond with a two-word order—"Flight risk[.]" (Doc. 3-1 at 4). The parties agree that 8 U.S.C. § 1226(e) prohibits the Court from reviewing the bond decision, but that does not resolve Lopez Urbina's Fifth Amendment due process claim.

Because Lopez Urbina's due process claim presents a live controversy and falls within the Court's habeas jurisdiciton, the Court must address it. The Fifth Amendment guarantees that "[n]o person shall be…deprived of life, liberty, or property, without due process of law[.]" U.S. Const. amend. V. The clause "applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). It is thus "well established that the Fifth Amendment entitles aliens to due process of law in deportation proceedings." *Reno v. Flores*, 507 U.S. 292, 306 (1993).

Immigration detention is civil in nature, and civil detention violates the Fifth Amendment unless "a special justification…outweighs the individual's constitutionally protected interest in avoiding physical restraint." *Zadvydas*, 533 U.S. at 690 (internal quotation marks and citation omitted). Immigration detention generally has two regulatory goals: "ensuring the appearance of aliens at future immigration proceedings and preventing danger to the community." *Id.* (cleaned up).

The government's response does not identify any justification for Lopez Urbina's detention. There is no evidence that his detention serves either regulatory goal. It is undisputed that Lopez Urbina has diligently participated in his immigration case, complied with all immigration requirements, applied for asylum, and maintained lawful employment. The evidence likewise demonstrates that Lopez Urbina is not a danger to the community. He has no criminal record whatsoever.

In sum, Lopez Urbina made a *prima facie* case that his detention violates his Fifth Amendment liberty rights, and the government presents no justification for his detention.

Accordingly, it is hereby

**ORDERED**:

Julio Cesar Lopez Urbina's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

(1) Within 24 hours of this Order, the government shall release Lopez Urbina and give him telephone access so he can arrange transportation from the detention facility.

(2) The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on September 24, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties or Record